IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NICKOLAY PULUKCHU  :  CIVIL ACTION
  :
    v.  :
  :
HADCO METALL TRADING CO  :  NO. 13-4839

MEMORANDUM

YOHN, J.                                          AUGUST 26, 2013

Plaintiff Nickolay Pulukchu brings this action against the Hadco Metall Trading Co., pursuant to Title VII, 42 U.S.C. § 2000e et seq. He seeks to proceed in forma pauperis. The Court will grant plaintiff leave to proceed in forma pauperis and dismiss his complaint without prejudice to his filing an amended complaint.

I. FACTS

Plaintiff filed this action against Hadco Metall Trading Co ("Hadco"), his former employer,[1] using the Court's form complaint for employment discrimination. By marking the appropriate locations on the form complaint, plaintiff indicated that Hadco discriminated against him based on his religion and national origin, failed to accommodate his religion, and subjected him to unequal terms and conditions of employment. However, in describing the facts of his case, plaintiff made no mention of his national origin or religion. Instead, he indicated that many "bad [things]" happened during his employment with the defendant,

---

[1] Plaintiff's in forma pauperis application reflects that he is no longer employed.

1

apparently because he was subjected to unsafe conditions that caused him injury.

Plaintiff made a claim with the Equal Employment Opportunity Commission and received a Notice of Right to Sue Letter on July 1, 2013. He subsequently initiated this action. He does not specify the relief he seeks.

## II. STANDARD OF REVIEW[2]

The Court grants plaintiff leave to proceed in forma pauperis because he has satisfied the criteria set forth in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). Although any factual allegations must be taken as true, courts evaluating the viability of a complaint should "disregard legal conclusions and recitals of the elements of a cause of action, supported by mere conclusory statements." Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d

---

[2]The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

Cir. 2010) (quotations omitted). Although the Court must construe plaintiff's allegations liberally because he is proceeding pro se, Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011), he must recite more than "labels and conclusions" to state a claim. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

## III. DISCUSSION

The Court will dismiss the complaint without prejudice to plaintiff's filing an amended complaint. To state a claim under Title VII, plaintiff must allege at least some facts supporting his allegations of employment discrimination. See Fowler v. UMPC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009) ("[T]he plausibility paradigm announced in Twombly applies with equal force to analyzing the adequacy of claims of employment discrimination.") (quotations omitted). Here, plaintiff has indicated, by marking certain locations on the form complaint, that the defendant discriminated against him based on his religion and national origin, but he failed to state any facts to support those assertions. As the complaint does not contain anything more than conclusory allegations of discrimination, plaintiff has failed to state a Title VII claim. See Khalik v. United Air Lines, 671 F.3d 1188, 1193 (10th Cir. 2012) ("Plaintiff's general assertions of discrimination and retaliation, without any details whatsoever of events leading up to her termination, are insufficient to survive a motion to dismiss."). Furthermore, in the event that plaintiff is attempting to assert state law claims against his

3

employer based on injuries he sustained at work, it is not clear whether the Court has diversity jurisdiction over those claims because the complaint does not allege the parties' citizenship.[3] See 28 U.S.C. § 1332(a); Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010).

Although the complaint does not state a claim as currently pled, the Court will give plaintiff leave to file an amended complaint in the event that he can cure the above deficiencies. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). In his amended complaint, plaintiff should state the facts that support his claims, or attach a copy of the claim he filed with the EEOC containing the relevant facts underlying his allegations of employment discrimination. He should also allege the parties' citizenship if he is invoking this Court's diversity jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's complaint will be dismissed without prejudice to his filing an amended complaint. An appropriate order follows.

---

[3] An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. See Washington v. Hovensa LLC, 652 F.3d 340, 344 (3d Cir. 2011). A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business," 28 U.S.C. § 1332(c)(1), while "the citizenship of an LLC is determined by the citizenship of its members." Zambelli Fireworks Mfg., 592 F.3d at 420.