# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| NICKOLAY PULUKCHU, | : |
|  | : CIVIL ACTION |
| Plaintiff, | : |
|  | : NO. 13-cv-4839 |
| v. | : |
|  | : |
| HADCO METALL TRADING CO, | : |
|  | : |
| Defendant. | : |

## MEMORANDUM

YOHN, J.                                                                                                June 18, 2014

Plaintiff, Nickolay Pulukchu, alleging national origin and religious discrimination, brings *pro se* Title VII and related state law claims against Hadco Metall Trading Co. ("Hadco"). Hadco now moves to dismiss the amended complaint, arguing that Pulukchu failed to exhaust available administrative remedies and failed to state a claim upon which relief can be granted. For the following reasons, I will grant the motion to dismiss.

## I. Factual History and Procedural Background

On February 9, 2012, Pulukchu filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC") alleging discrimination pursuant to the Americans with Disability Act of 1990 ("ADA"). Pulukchu described the specific acts of discrimination accordingly:

    I.     On August 6, 2009, Respondent hired me as a Saw Operator. I was injured on the job and I have been placed on leave.

    II.    On or about August 1, 2011, I asked Gelad Fischman (General Director) could I be placed on the 6:30am to 3:30pm shift so I could attend my doctors'

|   | appointments. On September 2, 2011 I spoke to Tui Yoh (Human Resources Manager) who told me that I could not work. |
|---|---|
| III. | I believe Respondent discriminated against me based on my disability in violation of Americans with Disability Act (ADA) as amended ADA when I requested to change my shift to first shift so that I could attend my appointments. My doctor gave me a note that stated I could work light duty as a reasonable accommodation. I was told that I could not work and was sent home.[1] |

On July 1, 2013, the EEOC issued a Notice of Right to Sue stating that it was terminating its processing of the charge and that plaintiff must file his lawsuit under the ADA in federal or state court within ninety days of his receipt of the Notice.

On August 20, 2013, Pulukchu filed this action against Hadco, his former employer, using the district court's form complaint for employment discrimination. Pulukchu marked the form complaint to charge that Hadco had discriminated against him based on his national origin and religion, failed to accommodate his religion, and subjected him to unequal terms and conditions of employment. However, in describing the facts of his case, Pulukchu made no mention of his national origin or religion. He only stated that many "bad thin[gs]" happened during his employment with Hadco, that he was subjected to unsafe working conditions, and that he was not provided with safety equipment while working. In the complaint, Pulukchu did not allege that he intended to raise a claim for disability discrimination pursuant to the ADA.

On August 26, 2013, the court dismissed the complaint, because Pulukchu had alleged no facts that would provide a basis for a national origin or religious discrimination claim, without prejudice to Pulukchu's filing of an amended complaint. The court instructed Pulukchu that if he intended to file a claim based on national origin and religious discrimination he needed to

---

[1] The charge contained no allegations about national origin or religious discrimination.

provide a statement of facts to support the claim. And, if he intended to assert a state law claim based on injuries he sustained at work, he needed to allege the parties' citizenship to establish the court's diversity jurisdiction.

On September 3, 2013, Pulukchu filed an amended complaint, using the court's form complaint, in which he again raised a Title VII discrimination claim and a Pennsylvania Human Relations Act ("PHRA") claim, alleging discrimination based on national origin and religion. In a two page statement of facts to support his claim of national origin and religious discrimination, Pulukchu alleged that he was "harassed and discriminated against" throughout his employment, and was subjected to "verbal abuse [that] consisted of cursing and mocking of [his] religion and national origin." He further alleged that he was assigned "dirty jobs" that included "cleaning up after others" even though he worked in the same position as the people after whom he was cleaning up. In addition to national original and religious discrimination, Pulukchu alleged that he was injured while on the job, and received a disability letter from a physician, but was denied any accommodation for his injury by his supervisor. In the amended complaint, Pulukchu did not allege any discrimination based on his work injury, nor did he indicate that he intended to raise a disability claim pursuant to the ADA.

On November 22, 2013, Hadco filed a Rule 12(b)(6) motion to dismiss for failing to exhaust his administrative remedies.[2] Pulukchu did not respond within the allotted time; however, because he was a *pro se* plaintiff, I sent a specific notice to him on December 30, 2013 giving him until January 20, 2014 to file a response. Pulukchu then responded on January 21,

---

[2] The Third Circuit has held that a motion challenging a failure to exhaust administrative remedies in an employment case is properly considered under Rule 12(b)(6) and not Rule 12(b)(1), as such a motion does not challenge the court's subject matter jurisdiction. *Anjelino v. The New York Times Co.*, 200 F.3d 73, 87-88 (3d Cir. 1999).

2014 again alleging discrimination based on national origin and religion without any factual basis. Hadco replied on January 23, 2014.

**II. Standard of Review**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. In deciding a motion to dismiss, courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice. *Id.* However, as Pulukchu is a *pro se* plaintiff, I construe his pleading liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers").

When faced with a motion to dismiss, "courts generally consider only the allegations in the complaint, exhibits attached to the complaint[,] and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). However, "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Id.* As the Third Circuit explained, "[t]he rationale underlying this exception is that the primary problem

4

raised by looking to the documents outside the complaint—lack of notice to the plaintiff—is dissipated where the plaintiff has actual notice…and has relied upon these documents in framing the complaint." *In re Burlington Coat Factory Sec. Lit.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotations omitted). Specifically with regard to employment discrimination cases, the court may consider both the right to sue letter and the charge of discrimination when deciding a motion to dismiss. *Hercik v. Rodale, Inc.*, No. 03-cv-06667, 2004 U.S. Dist. LEXIS 9912 at *3-4 (E.D. Pa. May 25, 2004).

### III. Discussion

In its motion to dismiss Hadco argues that Pulukchu failed to exhaust his administrative remedies because he did not claim national origin or religious discrimination in his charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC"). Hadco also argues that Pulukchu failed to allege facts sufficient to claim national origin or religious discrimination. In response, Pulukchu argues that his charge was "not properly filled out" because of a language barrier and that his charge was meant to claim Title VII discrimination based on national origin and religion.

Before bringing suit under Title VII, a plaintiff must first file a charge with the EEOC. *See* 42 U.S.C. §2000e-5(e)(1), (f)(1); *see also Webb v. City of Philadelphia*, 562 F.3d 256, 262 (3d Cir. 2009). Similar to a Title VII claim, before bringing suit under the PHRA, a plaintiff must file a charge with the Pennsylvania Human Relations Commission. *See* 43 Pa. C.S.A. § 959(h); *see also Burgh v. Borough Council*, 251 F.3d 465, 471 (3d Cir. 2001). As the Third Circuit has explained, "[t]he purpose of this administrative exhaustion requirement is to put the EEOC on notice of the plaintiff's claims and afford it the opportunity to settle disputes through conference, conciliation, and persuasion," and thereby avoid "unnecessary action in court." *Id.*

at 262. To determine whether a plaintiff has exhausted his administrative remedies, the court must determine "whether the acts alleged in the subsequent Title VII suit are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom." *Waiters v. Parsons*, 729 F.2d 233, 237 (3d Cir. 1984). While the Third Circuit has instructed that "the scope of the original charge should be liberally construed" because "charges are most often drafted by one who is not well versed in the art of legal description" the charge must be sufficient to, at least, put the EEOC on notice of the plaintiff's claims. *Hicks v. ABT Assocs. Inc.*, 572 F.2d 960, 965 (3d Cir. 1978).

In the instant case, Pulukchu claims discrimination based on national origin and religion, but his charge with the EEOC failed to claim discrimination based on national origin or religion. Specifically, Pulukchu stated in the charge that he "was injured on the job" and had "been placed on leave"; that he asked for a shift change so that he may attend doctors' appointments; that he was told by a Hadco human resource manager that he could not work; that he received a doctor's letter stating that he could "work light duty"; and that he asked for and was denied a reasonable accommodation. Nowhere in the charge does Pulukchu mention his national origin or religion or that he was discriminated based on national origin or religion. Nor does Pulukchu describe any incident that could be interpreted as discrimination based on national origin or religion. Pulukchu's charge, therefore, did not adequately put the EEOC or the PHRC on notice that he was claiming national origin and religious discrimination. Accordingly, Pulukchu has failed to exhaust his administrative remedies with regard to national origin or religious discrimination requiring the dismissal of his amended complaint.[3]

---

[3] Furthermore, even after the court's prior opinion advising Pulukchu that he must allege specific facts to support a claim of national origin or religious discrimination he still has not alleged any fact or facts that would state a plausible claim for such discrimination.

In his response to Hadco's motion to dismiss, Pulukchu argues that the EEOC misinterpreted the information he provided and proceeded with a charge of discrimination based on disability as a result of this misinterpretation. However, as described above, the information Pulukchu provided in the charge was about potential discrimination based on disability alone. It cannot reasonably be said that the box for disability discrimination was inadvertently marked off when every fact Pulukchu provided pointed to disability discrimination and not national origin or religious discrimination. Because the charge of discrimination included facts that could only be related to disability discrimination, I am not convinced by Pulukchu's argument that the box for disability discrimination was inadvertently checked rather than the box for national origin or religious discrimination, and should therefore excuse his failure to exhaust.

"[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245. This is true "even if the plaintiff does not seek leave to amend." *Id.* As Pulukchu has failed to exhaust available administrative remedies for his claim of discrimination based on national origin and religion, and the time for exhausting those remedies has expired, the claim is dismissed with prejudice, as any amendment would be futile. Furthermore, any potential ADA claim is time-barred as Pulukchu never raised a claim pursuant to the ADA in either his complaint or his amended complaint, and it is now well past the ninety day deadline granted by the Right to Sue letter sent on July 1, 2013.

## IV. Conclusion

For the foregoing reasons, the motion to dismiss is granted. An appropriate order will follow.